```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


JAMES A. JONES,                    :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :   CIVIL ACTION 08-0298-M
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's attorney's Application for Attorney's Fees Under the Equal Access to Justice Act, with supporting documentation (Doc. 21) and Defendant's Notice of Intent Not to Object to Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 22).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED**, without objection, and that Plaintiff's attorney, Margaret A. Stone, be **AWARDED** an EAJA attorney's fee in the amount of $1,970.94[1].

---

[1] In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Court stated: "It is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also, Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("We conclude the EAJA means what it says: attorney's fees are awarded to the "prevailing party," not to the prevailing party's attorney.") However, in this action, Ms. Stone has attached to

Plaintiff filed this action on June 4, 2008 (Doc. 1). On December 11, 2008, the undersigned Judge entered a Memorandum Opinion and Order, granting Defendant's Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Remand of the Cause to the Defendant (Doc. 16), reversing the decision of the Commissioner, and remanding this action for further proceedings not inconsistent with the Orders of this Court (Doc. 19). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 20).

On March 11, 2009, Margaret A. Stone, counsel for Plaintiff, filed an Application for Attorney's Fees Under the Equal Access to Justice Act, in which she requests a fee of $1,970.94, computed at an hourly rate of $174.42 for 11.3 hours spent in this Court (Doc. 21). Defendant in his Notice filed March 19, 2009, stated that he does not oppose Plaintiff's Motion (Doc. 22).

The EAJA requires a court to

> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

---

the Application for Attorney's Fees an Assignment of EAJA Fees signed by Plaintiff (Attachment B to Doc. 21). Therefore, it is ordered that the EAJA fee be paid directly to Plaintiff's attorney.

Case 1:08-cv-00298-M   Document 23   Filed 03/31/09   Page 2 of 7

unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631, that the fee motion was timely filed; however, he does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 22).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the

> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended" ....  Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

   The Court, after examination of Plaintiff's attorney's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 11.3 hours is reasonable.

   With respect to a determination of the hourly rate to apply

in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[2].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

---

[2] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. <u>Norman v. City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. <u>Id</u>.

Since 2001, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. <u>See</u> <u>e.g.</u>, <u>Smith v. Massanari</u>, Civil Action 00-0812-P-M (October 25, 2001); and <u>Square v. Halter</u>, Civil Action 00-0516-BH-L (April 12, 2001). However, in 2007, in an action before Judge Cassady, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living. <u>Lucy v. Barnhart</u>, CA 06-0147-C (July 5, 2007). As set out in <u>Lucy</u>, the formula to be used in calculating all future awards of attorney's fees under the EAJA is: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal

midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (Id. At 11, quoting Doc. 31, at 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The temporal midpoint in this action was September 2008, the complaint having been filed on June 4, 2008 (Doc. 1), and the Court having entered its Order and Judgment on December 11, 2008 (Docs. 19, 20).  The CPI-U for September 2008 was 212.650.  Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 212.650/152.4.  Completion of this equation renders an hourly rate of $174.42.

In conclusion, it is **ORDERED** that Plaintiff's attorney's Application is hereby **GRANTED**, without objection, and that Plaintiff's attorney, Margaret A. Stone, is hereby **AWARDED** an EAJA attorney's fee in the amount of $1,970.94.

DONE this 30th day of March, 2009.

        s/BERT W. MILLING, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[3] "The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment."  Lucy v. Barnhart, CA 06-0147-C, Doc. 31, at 3.